IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEFAN SZAFIAN,

                Petitioner,

v.

WARDEN R.D. KEYES,

                Respondent.

OPINION and ORDER

22-cv-120-jdp

---

Stefan Szafian, appearing pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] Szafian was convicted and received an 18-month sentence in the Northern District of Illinois for bank fraud. *See United States v. Szafian*, Case No. 1:13-cr-771-2 (N.D. Ill.). Szafian contends that the Federal Bureau of Prisons has miscalculated his sentence and that he has enough good-time credits and First Step Act time credits to be released to home confinement.

Szafian filled out his request on what appears to be a form petition meant for prisoners alleging that the bureau has misapplied First Step Act time credits. The First Step Act contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4). In January 2022 the Bureau of Prisons finalized a new rule

---

[1] At the time that Szafian filed this petition, he was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Szafian is now at a Residential Reentry Center outside this district, but this court retains jurisdiction over the case. *See In re Hall*, 988 F.3d 376, 377 (7th Cir. 2021) ("[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction.").

codifying the bureau's procedures for the earning and application of credits under this system. FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 *et. seq.*

In his petition, Szafian states that he is entitled to 180 days' worth of credits, split between good-time credits and First Step Act time credits; in documents attached to his petition he has written to bureau officials stating that more than 160 of these credits are First Step Act time credits. *See* Dkt. 1-4 and Dkt. 1-5. He states that proper application of good-time credits and First Step Act time credits would result in his "immediate release," but from his statement that he "is currently set for release on April 15, 2022" and other documents attached to the petition, it is clear that by "release" he means transfer from FCI-Oxford to home confinement. *See* Dkt. 1-4 ("I ask to be released immediately to home confinement . . . ."); Dkt. 1-6 (sentence computation sheet showing April 15 as Szafian's home-detention eligibility date).

The government argues that the petition should be dismissed because Szafian failed to exhaust his administrative remedies by challenging the alleged misapplication of his credits through the bureau's administrative complaint process. Szafian appears to concede that he did not attempt to exhaust his claim. He attaches an informal resolution form called a BP-8, Dkt. 1-4, filed shortly before he filed his petition, and he does not suggest that he followed with complaints up the administrative ladder. Instead, Szafian argues that the bureau "lacks the ability or competence to resolve the instant request" as shown by a November 2021 inspector general report stating that the bureau was improperly delaying in applying First Step Act credits to inmates' sentences. Dkt. 1, at 1; *see also* Department of Justice Office of the Inspector General, No. 22-007, "Management Advisory Memorandum: Impact of the Failure to Conduct Formal Policy Negotiations on the Federal Bureau of Prisons' Implementation of

the FIRST STEP Act and Closure of Office of the Inspector General Recommendations," at 6–8. (2021).

Although there is no express exhaustion requirement in § 2241, courts generally require that an inmate exhaust the bureau's administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (noting common-law exhaustion rule for § 2241 actions); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (court "review[s] a claim concerning the computation of a sentence only after administrative remedies have been exhausted"). But I may excuse the failure to exhaust where (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (internal quotations omitted).

Even if I accepted Szafian's argument that he would be prejudiced by the time required to fully exhaust his claim, I would deny his petition on the merits. Szafian asserts that he is entitled to 180 days of good-time credit or First Step Act time credit. After review of Szafian's file, the bureau now states that Szafian has accrued *more* credit than that—246 total days of credit (81 days of good-time credit and 165 days of First Step Act time credit), along with an additional 8 days of prior-time credit—but nonetheless he is not entitled to immediate release from federal custody.

The bureau provides a breakdown of how credits have been applied to Szafian's sentence. Dkt. 7-1. Szafian's 18-month sentence, minus his 8 days of prior-time credit, is scheduled to end on August 27, 2022. *Id.* at 2. Applying the maximum-allowable 81 days of

3

Szafian's earned and projected good-time credit (54 days for each year of his sentence, *see* 18 U.S.C. § 3624(b)(1)) moved the release date up to June 7, 2022. *Id.*

Szafian has 165 days of First Step Act time credit which can be applied either "toward time in prerelease custody or supervised release," and "[t]he Director of the [BOP] shall transfer eligible prisoners . . . into prerelease custody or supervised release." Section 3632(d)(4)(C). Szafian was not given a term of supervised release, so his credits cannot be applied toward starting supervised release earlier. Instead, the bureau applied a portion of Szafian's First Step Act time credit toward an earlier transfer to prerelease custody. Szafian was previously scheduled to be transferred to home confinement on April 15, 2022, Dkt. 7-1, at 2, but with the application of his First Step Act time credits, "a new date was requested to get [Szafian] into a Residential Reentry Center (RRC) as soon as possible." Dkt. 7, ¶ 9. During expedited briefing of the habeas petition, the bureau stated that Szafian was scheduled to be placed in an RRC on March 16, 2022. My own review of the bureau's inmate locator website shows that Szafian is indeed now at an RRC.[2]

Szafian has obtained earlier transfer to prerelease custody—albeit not the type of prerelease custody he had petitioned for—with his unconditional release scheduled for June 7. Szafian did not file a reply brief, so he does not challenge the bureau's breakdown of the way it calculated his credits or release date. And the government points out that even had Szafian challenged his placement in an RRC rather than home confinement, that subject is not an issue properly raised in a § 2241 petition. *See, e.g.*, *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (The bureau "has plenary control over its inmates' placement"); *Kaiser v.*

---

[2] *See* https://www.bop.gov/inmateloc/.

*Hollingsworth*, No. CV 16-1288 (RBK), 2016 WL 6246308, at *4 (D.N.J. Oct. 25, 2016) ("Petitioner has no liberty interest in being placed in home confinement as opposed to being placed in an RRC."). Because Szafian does not show that he is in custody in violation of the Constitution or federal law, I will deny his petition.

ORDER

IT IS ORDERED that:

1. Petitioner Stefan Szafian's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered June 3, 2022.

BY THE COURT:

/s/_____
JAMES D. PETERSON
District Judge